IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PABLO CARDOSO-CONSUEGRA,
ANDRES MENDEZ-CANALES,
GUILLERMO MONTESINO,
EMILIO VASQUEZ,
ELADIO SANTANA,
SANTOS HERNANDEZ, and
PABLO SANTIAGO HERNANDEZ-ARENADO,

                         **Petitioners,**

       v.                                           CASE NO. 05-3051-RDR

**KEN CARLSON,**

                         **Respondent.**

**ORDER**

    This consolidated habeas action involves petitions filed under 28 U.S.C. § 2241 by seven Cuban aliens while detained in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioners proceed in this matter with appointed counsel.

    The court has granted respondent's unopposed motions to dismiss petitioners Mendez-Canales, Montesino, Vasquez, and Santana. Although recent pleadings filed by respondent and petitioners state that only petitioners Hernandez and Hernandez-Arenado remain in this action, the court observes that no motion to dismiss petitioner Cardoso-Consuega has been filed, and no order for the dismissal of this petitioner has been entered.

    Before the court is respondent's motion for leave to file a reply to petitioners' traverse. The court treats respondent's motion as a request to supplement their answer and return, and grants the motion. Petitioners are granted an opportunity to file a traverse thereto.

    Also before the court is petitioners' motion for a temporary

restraining order to prevent their transfer from USPLVN pending resolution of this habeas action. Respondent opposes the motion and correctly notes that court rules do not protect a habeas petitioner from being transferred to another facility while the petitioner's habeas action is pending in a United States District Court, and that any such transfer would not divest this court of jurisdiction to decide petitioners' consolidated habeas petition.

In response, petitioners legitimately contend that transfer of petitioners from USPLVN could significantly impair their ongoing client-attorney relationship with appointed counsel. The legal authorities cited by petitioners, however, address assistance of counsel provided to aliens facing deportation, rather than in the present case where petitioners seek release from their alleged illegal confinement.

Nonetheless, respondent significantly states there is no current plan to transfer petitioners from USPLVN. Finding no factual basis for any real or immediate threat of irreparable harm, the court denies petitioners' motion. *See* Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980)(requirements for a temporary restraining order include a showing the movant will suffer irreparable harm unless the relief sought is granted).

IT IS THEREFORE ORDERED that respondent's motion for leave to file a reply to the traverse (Doc. 47) is granted. Respondent is granted thirty (30) days to supplement his answer and return, and petitioners are granted thirty (30) days after service of respondent's supplemental pleading to file a traverse thereto.

IT IS FURTHER ORDERED that petitioners' motion for a temporary restraining order and preliminary injunction (Doc. 45) is denied.

2

DATED:  This 4th day of April 2006, at Topeka, Kansas.


      <u>s/ Richard D. Rogers</u>
RICHARD D. ROGERS
United States District Judge