IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SANTOS HERNANDEZ-CARRERA, and
PABLO SANTIAGO HERNANDEZ-ARENADO,

                        Petitioners,

            v.                        CASE NO. 05-3051-RDR

KEN CARLSON, Field Office Director,
Immigration and Customs Enforcement,
Department of Homeland Security, and
E.J. GALLEGOS, Warden of the United
States Penitentiary at Leavenworth, Kansas

                        Respondents.


**O R D E R**

On March 31, 2008, the court granted writs of habeas corpus under 28 U.S.C. § 2241 to the two petitioners captioned above, and ordered each petitioner's release within fourteen days subject to appropriate conditions of supervision. Before the court is respondents' emergency order to stay petitioners' release pending a decision by the Solicitor General as to whether to file an appeal, and if an appeal is filed, pending resolution of that appeal. Having reviewed respondents' motion and supporting memorandum, and petitioner's response, the court denies respondents' request for a stay.

The traditional considerations on a motion to stay the judgment entered in a habeas corpus action pending an appeal from that judgment are: 1) whether the applicant seeking the stay has made a strong showing of likely succeeding on the merits; (2) whether the applicant will suffer irreparable injury if no stay is entered; (3) whether issuance of a stay will substantially injure the other

parties; and (4) whether a stay would be in the public interest.[1] Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Securities Investor Protection Corp. v. Blinder, Robinson & Co. Inc., 962 F.2d 960, 968 (10th Cir. 1992); Battle v. Anderson, 564 F.2d 388, 397 (10th Cir. 1977).

The release of a successful habeas petitioner pending an appeal by the government is presumed by the Federal Rules of Appellate Procedure, but that presumption may be overcome if the traditional factors stated above weigh against the release. Hilton, 481 U.S. at 777. In the present case, the court finds the factors weigh in favor of each petitioner's release as ordered.

As to the first factor, respondents correctly note that this matter involves issues not yet decided by the Tenth Circuit Court of Appeals. However, given the clear directive of the Supreme Court in Zadvyas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S. 371, 378 (2005), and given the consistency in the limited circuit and district courts that have examined and applied these decisions to habeas petitioners similar to the petitioners in the present action, the court is not persuaded that respondents have demonstrated either a strong likelihood of prevailing on appeal, or any substantial case on the merits.

Second, respondents claim the judgment entered in this matter will cause irreparable injury to the workings of a coordinate branch of the government, and grossly interfere with the duty of

---

[1] The court applies the traditional standards, notwithstanding the fact that no appeal is yet pending in this matter. To the extent respondents' motion encompasses a request for reconsideration or modification of the fourteen day period for petitioners' release as ordered on March 31, 2008, the court denies this request.

Immigrations and Customs Enforcement to detain dangerous aliens. This essentially restates the argument respondents advanced in favor of petitioners' continued detention pursuant to a regulation the court found was not authorized by the Supreme Court's reading of 8 U.S.C. § 1231(a)(6). The court finds respondents have not demonstrated any irreparable harm if no stay is ordered.

Third, the risk of harm to petitioners if a stay is entered is significant, and is clearly recognized as substantial. Hilton, 481 U.S. at 777.

Fourth, respondents argue a stay is necessary because the public interest in the continued detention of petitioners as dangerous criminal aliens is compelling. Counsel for petitioners counter, however, that each petitioner's criminal history dates back twenty or more years, and that petitioners have been in custody thereafter with no significant institutional record of violence or harm. Counsel for petitioners further cite recent evaluations of petitioner Hernandez-Carerra as finding no factors indicating he would present an increased risk of violence. Counsel for petitioners also suggest conditions including sex offender treatment programs, repeatedly recommended but never provided for petitioner Hernandez-Arenado, that would serve to protect public safety upon his supervised release.

And significantly, petitioners' custody for over fifteen years has not been in service of any criminal sentence imposed by a judge or jury beyond a reasonable doubt, thus any governmental interest in their continuing custody pending an appeal is considered weak rather than strong. Hilton, 481 U.S. at 777 and 779. This further strengthens each petitioner's interest in being released. Id. at

3

777-78.

The party seeking a stay bears the burden of demonstrating that the applicable factors weigh in favor of a stay being entered. <u>Securities Investor Protection</u>, 962 F.2d at 968.  The court finds respondents have not sustained this burden, and finds the balance of equities in this matter does not favor a stay.

IT IS THEREFORE ORDERED that respondents' motion for a stay (Doc. 64) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of April 2008, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge
