# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SANTOS HERNANDEZ-CARRERA, and
PABLO SANTIAGO HERNANDEZ-ARENADO,

        Petitioners,

    v.                            CASE NO. 05-3051-RDR

KEN CARLSON, Field Office Director,
Immigration and Customs Enforcement,
Department of Homeland Security, and
E.J. GALLEGOS, Warden of the United
States Penitentiary at Leavenworth, Kansas

        Respondents.

## O R D E R

Before the court are two consolidated habeas petitions seeking relief under 28 U.S.C. § 2241 from each petitioner's continued detention in a federal facility. The two petitioners are natives and citizens of Cuba who illegally entered the United States in the Mariel boatlift in 1980, and are classified as inadmissible aliens. Each petitioner was granted immigration parole in the United States that was later revoked. Immigration judges issued exclusion and deportation orders for each petitioner, based upon each petitioner's lack of entry documents and their convictions for crimes of moral turpitude. Petitioners have been detained thereafter in the custody of Immigrations and Customs Enforcement (ICE) in the Department of Homeland Security.

Petitioners filed petitions for habeas corpus relief under 28 U.S.C. § 2241 to seek their release on supervision with appropriate conditions to protect public safety. Petitioners challenged their continued detention pursuant to 8 U.S.C. § 1213(a)(6), a statute

providing for the detention of aliens after their removal from the United States has been ordered, and pursuant to 8 C.F.R. § 241.14(f), a regulation providing for the continued detention of aliens found to pose a special danger to the public. Petitioners argued that their detention pursuant to 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Clark v. Martinez*, 543 U.S. 371 (2005), was unconstitutional, and that the Attorney General's promulgation of 8 C.F.R. § 241.14(f) unlawfully exceeded statutory authority. The court found this argument had legal merit, and ordered petitioners' release without addressing petitioners' further claim that the regulatory procedures applicable to their continued detention were insufficient to satisfy the Due Process Clause.

The Tenth Circuit Court of Appeals reversed. *Hernandez-Carrera v. Carlson*, 547 F.3d 1247 (10th Cir.2008), *cert. denied*, 130 S.Ct. 1011 (2009).

Citing and applying *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 982 (2005), the circuit court found the Attorney General's construction of 8 U.S.C. § 1231(a)(6) to promulgate 8 C.F.R. § 241.14(f) was owed deference if 8 U.S.C. § 1231(a)(6) "was 'silent or ambiguous' regarding the Attorney General's authority to detain certain classes of aliens beyond the ninety day removal period, [and if] the agency's construction of th[at] statue represents a 'permissible reading of the statute,'" *Hernandez*, 547 F.3d at 1244-45 (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984)). It then found both of these conditions were satisfied notwithstanding the Supreme Court's prior contrary

interpretations of the statute in *Zadvydas* and *Martinez*, *id* at 1245-51, and further found the agency's interpretation of § 1231(a)(6) was permissible and reasonable, raised no serious constitutional question, and thus was entitled to *Chevron* deference, *id*. at 1251-56.

Now before the court is respondents' motion to dismiss the petition. The court grants this request.[1]

Respondents first contend petitioner Hernandez-Arenado's challenge to his immigration detention was rendered moot by his release from ICE Custody in October 2010 under an Order of Supervision. The court agrees. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). The petition filed by Hernandez-Arenado is dismissed as moot.

As to the sole remaining petition filed by petitioner Hernandez-Carrera, respondents contend dismissal is warranted because the Tenth Circuit's decision defeats petitioner's challenge to the legality of 8 C.F.R. § 241.14(f), and because Hernandez-Carrera is properly detained pursuant to that regulation. The court again agrees.

In detailing the procedures to be followed for the continued detention of an alien whose removal to another country was not significantly likely to occur in a reasonably foreseeable future, the Attorney General promulgated 8 C.F.R. § 241.14 which specifically provided for the continued detention under "special circumstances" of removable aliens who pose a special danger to the public because of their proven history of violent criminal activity

---

[1]Respondents' motion for leave to file exhibits under seal (Doc. 85) is granted.

and mental illness. *See* 8 C.F.R. 241.14(f).[2]

Mental health professionals have consistently determined that petitioner Hernandez-Carrera posed a special danger to public safety if released, and the record now further establishes that assessment.[3] Nonetheless, the court previously granted habeas corpus relief on the basis that 8 C.F.R. § 241.14(f) provided no lawful authority for petitioner's continued detention beyond the 90 day period in § 2136(a)(6). The Tenth Circuit reversed that legal determination, and further found application of the regulation with periodic assessment of petitioner's continued confinement raised no constitutional concerns.

Accordingly, the court finds petitioner's challenge to the legality of his continued detention pursuant to 8 C.F.R. § 241,14(f) has no legal merit, and concludes this action should be dismissed

---

[2]8 C.F.R. § 241.14(f)(1) provides that the Government shall detain an alien if the alien's release "would pose a special danger to the public" because (1) he previously committed one or more crimes of violence; (2) he is likely to engage in acts of violence in the future due to a mental condition or personality disorder and behavior associated with that condition or disorder; and (3) no conditions of release can reasonably be expected to ensure the safety fo the public.

[3]Petitioner's criminal history includes convictions for rape with force and bodily injury, battery, and indecent exposure. Petitioner has been diagnosed with schizophrenia and has a history of refusing medication. Mental health evaluators have concluded that if petitioner were released he would likely engage in future violence, and would need a high level of security and structure with 24 hour supervision.
Respondents document that petitioner was released in April 2008 under an Order of Supervision that required petitioner to periodically report to immigration officials and to reside in a designated homeless assistance residence in compliance with all residential rules and regulations. Within six weeks petitioner was designated an absconder. After some sixteen months he was located, confined, and remains in custody. A psychiatrist evaluating petitioner in August 2010 found there were no conditions of release available to ensure the safety of the public.

because the remaining petitioner makes no showing that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

IT IS THEREFORE ORDERED that respondents' motion for leave to file exhibits under seal (Doc. 85) is granted.

IT IS FURTHER ORDERED that respondents' motion to dismiss (Doc. 84) is granted, that petitioner Hernandez-Arenado's petition for a writ of habeas corpus is dismissed as moot, and that petitioner Hernandez-Carrera's petition is dismissed and all relief denied.

**IT IS SO ORDERED**.

DATED:  This 21st day of June 2011, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge